UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOLLY D.,

    *Plaintiff,*

v.

MARTIN O'MALLEY,
Commissioner of Social Security
Administration,

    *Defendant.*
_____/

Case No. 2:24-cv-12649

Patricia T. Morris
United States Magistrate Judge

## ORDER
## DENYING PLAINTIFF'S MOTION FOR RELIEF FROM LOCAL RULE REQUIRING LOCAL COUNSEL (ECF No. 3)
## AND
## SETTING DEADLINE TO OBTAIN LOCAL COUNSEL

This is an appeal from the Social Security Administration's denial of benefits. Plaintiff, through counsel, now moves for relief from Eastern District of Michigan Local Rule 83.20(f)(1). (ECF No. 3). For the following reasons, this motion will be **DENIED**, and Plaintiff will be required to secure local counsel.

District courts have the authority to issue local rules governing the admission of counsel. 28 U.S.C. § 1654; *see generally* 28 U.S.C. § 2071 and Fed. R. Civ. P. 83 (permitting district courts to adopt local rules); *Frazier v. Heebe*, 482 U.S. 641, 645 (1987) (noting that a district court's "authority includes the regulation of

1

admissions to its own bar"). The rule relevant to Plaintiff's motion is Local Rule 83.20(f)(1), which provides:

> A member of the bar of this court who appears as attorney of record in the district court and is not an active member of the State Bar of Michigan must specify as local counsel a member of the bar of this court with an office in the district. Local counsel must enter an appearance and have the authority and responsibility to conduct the case if non-local counsel does not do so. On application, the Court *may* relieve an attorney who is not an active member of the State Bar of Michigan of the obligation to specify local counsel.

(Emphasis added). Under this rule, Plaintiff's counsel is considered "non-local counsel" because he "is not an active member of the State Bar of Michigan." E.D. Mich. LR 83.20(f)(1). Instead, Plaintiff's counsel is admitted to the State Bars of New York, New Jersey, North Carolina, Iowa, and Minnesota,[1] and his practice is located in the State of New Jersey. (ECF No. 3, PageID.14–15).

> This district's local-counsel requirement serves several important purposes:
>
> Physical proximity and accessibility for case preparation events (e.g., depositions) is one; ready availability to the court for conference or hearings is another, familiarity with the Local Rules and the local legal culture is another. The ability of the court to easily monitor and govern the behavior of its attorneys is not unimportant.

*Belle v. Sunbeam Prods., Inc.*, No. 09-CV-13902, 2009 WL 3757059 at *1 (E.D. Mich. Nov. 9, 2009) (footnote omitted); *see also Keck v. Graham Hotel Sys., Inc.*, No. 07-CV-11042, 2007 WL 1452909, at *2 (E.D. Mich. May 15, 2007) (noting the

---

[1] https://thefederalappealsfirm.com/meet-the-partners/ (last visited Oct. 8, 2024).

importance of "the ability of the court to govern the behavior of its attorneys, including the ability to meaningfully refer a misbehaving attorney to the grievance procedures of the State Bar"). Other judges in this district have routinely required strict compliance with the rule. *See, e.g.*, *Crowley v. Liberty Life Assur. Co. of Boston*, No. 14-cv-11280, 2014 WL 2999288, at *5 (E.D. Mich. July 3, 2014) ("This Court requires strict compliance with E.D. Mich. L.R. 83.20(f)."); *Wysocki v. Colvin*, No. 16-11753, 2016 WL 9212017, at *1 (E.D. Mich. May 27, 2016) ("The strict adherence to requiring local counsel is routinely applied in Social Security cases.").

Regardless of the qualifications of the non-local attorney in question and the routine inconvenience associated with locating and securing local counsel, this Court's practice is to require strict adherence to Local Rule 83.20. As explained in *Wysocki*, plaintiffs in this district appealing decisions of the Social Security Administration not only can be, but have been, adversely affected by the unprofessional conduct of their attorneys. *See id.* (citing cases).

For these reasons, Plaintiff's motion for relief from Local Rule 83.20(f)(1) (ECF No. 3) is **DENIED. Plaintiff must secure local counsel, and local counsel must file an appearance on the record on or before Tuesday, October 22, 2024.**

**IT IS SO ORDERED.**

Date: October 9, 2024                    S/PATRICIA T. MORRIS
                                         Patricia T. Morris
                                         United States Magistrate Judge